## Wagner's Estate.    Hay's Appeal.

*Decedents' estates—Feigned issue—Evidence.*

Evidence insufficient to sustain a verdict in a feigned issue against an executor to determine whether he is indebted to the estate or not, is also insufficient to justify the orphans' court in surcharging him with the alleged debt. Smith v. Hay, supra, followed.

In the adjudication of the executor's account it was not error for the auditor to admit in evidence the record in the feigned issue, and also the agreement between the decedent and the executor relating to the alleged debt.

Argued Oct. 10, 1892. Appeal, No. 324, Oct. T., 1891, by Peter S. Hay, executor of Elijah Wagner, deceased, from decree of O. C. Somerset Co., dismissing exceptions to report of auditor. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Exceptions to report of H. L. Baer, auditor.

The facts appear in the case of Smith v. Hay, supra.

The auditor reported in favor of surcharging the executor with the debt claimed to be due by him to the decedent. The following exceptions were filed to the auditor's report, all of which were overruled:

"1. The auditor erred in surcharging the accountant with the sum of $1,060. [1]

"2. The auditor erred in charging the accountant interest on the sum of $1,060 from 29th September, 1884, to August 11,

1891, $436.72. Even if the accountant is properly surcharged with the sum of $1,060, he should only be charged with interest thereon from September 29, 1884, to April 5, 1886, the date of Elijah Wagner's death. [2]

" 3. The auditor erred in restricting the judgment of T. F. Livengood, No. 231, December term, 1888, and the claims of C. R. Hazelbarth, A. P. Beachy, and Wm. Kretchman, to the personal fund, as said judgment was a lien on the real estate fund, and all said claims had been paid by the accountant. [3]

" 4. The auditor erred in overruling the objections of the accountant and admitting in evidence the record of the feigned issue: Evora N. Smith v. P. S. Hay, No. 95, February term, 1888. [4]

" 5. The auditor erred in refusing to admit in evidence the agreement between Peter S. Hay and Elijah Wagner, dated 29th September, 1884. [5]

" 6. The auditor erred in rejecting the evidence of Valentine Hay as to what was said and agreed upon by Elijah Wagner and Peter S. Hay at the time the written agreement was entered into 29th September, 1884, and upon the faith of which the agreement was signed by Peter S. Hay." [6]

*Errors assigned* were, (1–6) overruling exceptions, quoting them; (7–8) decreeing surcharge.

*W. H. Rupple* and *Valentine Hay*, with them *A. H. Coffroth*, for appellant.

*W. H. Koontz, F. J. Kooser* and *J. C. Lowry* with him, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, January 3, 1893 :

The principal question raised by this appeal is whether the learned court below erred in surcharging Peter S. Hay, the executor and accountant, with the sum paid to him by Elijah Wagner, the testator, as the consideration of his agreement to furnish the latter while he lived " with lodging, boarding and necessary clothing, and in sickness cause him to be properly cared for." This question was considered in the case of Evora N. Smith v. Peter S. Hay [the preceding case], which was an issue to determine whether Hay was indebted to the testator in that sum with interest thereon from the time he received it. and we there held in an opinion filed at this term that he was

not so indebted.   As the facts relied on to support the surcharge appeared in that case we need not repeat our former statement and discussion of them.   It is enough to say of these facts that as they were insufficient to sustain the verdict in that case, they fail to justify the surcharge in this.

We think the auditor did not err in admitting in evidence the record in the feigned issue.   It was proper for his consideration, independent of the question whether he was bound by it or not.   For a like reason we think the agreement of Sept. 29, 1884, should have been admitted.   In Smith v. Hay, supra, we sustained the court below in rejecting the offer contained in the sixth specification.   It was not competent to affect the written agreement and was properly overruled by the auditor.   It is conceded by the appellee that if the executor is not surcharged with the amount he received as the consideration of his agreement above mentioned, the restriction complained of in the third specification is erroneous.

The fourth and sixth specifications of error are dismissed and the other specifications are sustained.

Decree reversed and record remitted, with direction to enter a decree in accordance with this opinion.